# Clarke Plumbing Company, et al. v. Hudson, House & Cogar.

(Decided March 27, 1925.)

## Appeal from Boyle Circuit Court.

Contracts—Proof of Abandonment of Contract by Defendant and Subsequent Employment of Subcontractors to Complete Contract Relevant.—In action to recover damages of defendant and his subcontractors for failure to construct hemp dryer according to contract, in which subcontractors filed a counterclaim, proof showing defendant's abandonment of his contracts with both plaintiffs and subcontractors and subsequent employment of subcontractors by plaintiffs to complete contract held relevant.

HENRY JACKSON and PURYEAR & CLAY for appellants.

N. D. RODES and GEORGE E. STONE for appellees.

Opinion of the Court by Judge Clarke—Reversing.

This action was instituted by appellees to recover damages of appellants and one F. E. Siebenmann, for failure to construct a hemp dryer according to contract, but after appellants had filed a counterclaim, the petition was dismissed as to them. A trial on the petition resulted in a judgment for plaintiffs against Siebenmann for $6,731.10, from which there was no appeal. Upon a trial of the counterclaim appellants, Clarke Plumbing Company, et al., whom we shall hereinafter call the defendants, recovered a judgment against plaintiffs for $2,458.20. From the latter judgment plaintiffs appealed, and same was reversed. In that opinion we held as matter of law that only the plaintiffs and Siebenmann were parties to the contract; that defendants were, by separate contract with Siebenmann, subcontractors under him. We also held that all of the evidence upon that trial showed that the services and materials, included in the counterclaim which were also covered by that contract, were furnished by defendants as subcontractors to Siebenmann and not to plaintiffs, and that as a consequence, the court erred in submitting to the jury any items of the counterclaim except such as were not covered by the contract between plaintiffs and Siebenmann. See Hudson, House & Cogar v. Clarke Plumbing Co., 197 Ky. 653, 248 S. W. 206.

Upon the return of the case, and upon another trial of the counterclaim, the court refused to permit the de-

fendants to introduce evidence to prove Siebenmann's abandonment of his contracts with both plaintiffs and them, and their subsequent employment by plaintiffs to furnish for them materials and services necessary to complete their contract with Siebermann. Whether or not the court erred in so doing, is the sole question for decision upon this appeal.

In thus restricting the issues, the court necessarily construed the former opinion to hold, that in no event could the plaintiffs be liable to the defendants for furnishing any materials or services covered by the contract between plaintiffs and Siebenmann, whereas it will be seen by reference to that opinion that the court only construed the contracts between the parties and held that all of the evidence on that trial showed that materials and services covered by plaintiff's contract with Siebenmann were furnished by defendants as subcontractors under their contract with Siebenmann, and that upon that evidence the only issue for the jury was for materials and services not included in plaintiff's contract with Siebenmann.

Clearly this only meant that if, upon the new trial ordered, the evidence should be the same as on the former trial, then only items in the counterclaim not covered by the contract between plaintiffs and Siebenmann should be submitted to the jury, and was not intended to preclude defendants from proving, if they could, that Siebenmann abandoned both of his contracts, and plaintiffs thereafter employed them to furnish the materials and services then necessary to complete the contract.

As the evidence offered by the defendants upon the last trial differed materially from that upon the former trial, and, if true, shows an abandonment of both contracts by Siebenmann, defendant's refusal thereafter to complete same for him, and that subsequently plaintiffs employed them to complete same, it is clear the court erred in rejecting such evidence and in confining defendants to the material and services not included in the contract between plaintiffs and Siebenmann.

Wherefore the judgment is reversed, and the cause remanded for a new trial consistent herewith.